ACCEPTED
04-15-00103-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/25/2015 2:16:35 PM
KEITH HOTTLE
CLERK

No._____ 04-15-00103-CV

IN THE

FOURTH COURT OF APPEALS at SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/25/2015 2:16:35 PM
KEITH E. HOTTLE
Clerk

IN RE IRENE ALVARADO

Relator

From the 406TH Judicial District Court of
Webb County, Texas

---

PETITION FOR WRIT OF MANDAMUS

---

ANDRES REYES
Texas Bar No. 16794250
Capitol Centre
401 E. Hillside Rd, 2nd Floor,
    Laredo, Texas 78041
Tel. (956) 712-3633
Fax (956) 725-4594

ATTORNEY FOR RELATOR,
IRENE ALVARADO

# IDENTITY OF PARTIES & COUNSEL

The following is a complete list of the parties, the attorneys, and any other person who has an interest in the outcome of this lawsuit:

Honorable Paul Gallegos
Child Protective Services Administrative Judge
Sitting for the 406th Judicial District
1100 Victoria, 1st Floor,
Webb County Justice Center
Laredo, Texas 78040

Selena Mireles
State Bar No: 24009007
7913 McPherson Rd., Ste. 103
Laredo, Texas 78045
Tel: 956-753-0003
Fax: 956 753-0004
Attorney For LORENA RAMIREZ and MANUEL RAMIREZ,

Melissa Saldana
State Bar No. 24041848
809 Victoria Street
Laredo, Texas 78040
Tel: 956-307-5449
Fax: 956-
Email at Melissa@saldanalaw.us.
Attorney for ELOY ALVARADO

Oscar O. Pena
State Bar No. 90001479
P.O. Box 1324
Laredo, Texas 78042
Tel: 956-722-5167
Fax: 956-722-5186
Attorney for ANA SOSA

Timothy R. Bland
Assistant County Attorney
State Bar No. 24031870
1110 Washington St. Ste.301
Laredo, Texas 78040
Tel: 956-523-4044
Fax: 956-523-5005
Attorney for TEXAS DEPARTMENT OF FAMILY PROTECTIVE
SERVICES

Victor Villafranca
State Bar No. 24033416
1719 Washington Street
Laredo, Texas 78040
Tel: 956-729-9400
Fax: 956-729-9402
Attorney For D.A., Minor

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ..................................................ii

TABLE OF CONTENTS ....................................................................iv

INDEX OF AUTHORITIES .................................................................v

APPENDIX REFERENCES ...............................................................vii

STATEMENT OF THE CASE ...........................................................viii

STATEMENT OF JURISDICTION ......................................................ix

ISSUES PRESENTED ..........................................................................x

INTRODUCTION .................................................................................1

STATEMENT OF FACTS ....................................................................2

ARGUMENT .......................................................................................6

    ISSUE 1 ........................................................................................6

    ISSUE 2 ......................................................................................10

PRAYER ............................................................................................16

CERTIFICATION ...............................................................................17

CERTIFICATE OF SERVICE.............................................................18

# INDEX OF AUTHORITIES

## CASES

*Cruz v. Morris*, 877 S.W.2d 45, 47 (Tex.App-Houston [14th Dist.] 1994, no writ.) .................................................................................................... 7

*Diaz v. Attorney Gen.*, 827 S.W.2d 19, 22 (Tex.App.-Corpus Christi 1992, no writ) ............................................................................................... 10, 15

*Guaranty Fed. Sav. Bank v. Horseshoe Oper: Co.*, 793 S.W.2d at 652, 657 ............................................................................. 6, 7, 8, 9, 11, 14, 15

*Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) ................................................................................................. 6, 7

*Law Office of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex.App.-Fort Worth 2003, no pet) .................................................. 8, 14

*McGrew v. Heard*, 779 S.W.2d 455, 457 (Tex. App.—Houston [1st Dist.] 1989, orig.

proceeding) ......................................................................................... 10

*O'Neal v. Sherck Equip. Co.*, 751 S.W.2d 559, 562 (Tex.App.-Texarkana 1988, no writ) ...................................................................................... 7

*Serna v. Webster*, 908 S.W.2d 487, 492 (Tex.App.-San Antonio 1995, no writ) .................................................................................................. 10

*Subia v. Texas Dept. of Human Servs.*, 750 S.W.2d 827, 829 (Tex.App.-El Paso 1988, no writ) ........................................................................... 7

*In Re Union Carbide Corp.*, 273 S.W.3d, 152, 154-55 (Tex.2008) .......... 6

*Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986)..10

*Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) ........................ 10

## STATUTES

Tex. Family Code

    Section 102.004 ......................................................................................... 11

    Section 153.432 ......................................................................................... 12

    Chapter 156 ............................................................................................... 12

# APPENDIX REFERENCES

1. ORDER GRANTING MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO, dated February 12, 2015 .. ...................................................................................................Tab A

2. Affidavit of No Evidence in Support of Petition for Writ of Mandamus ......................................................................................................Tab B

3. MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO .............................................................................Tab C

4. SPECIAL EXCEPTIONS AN RESPONSE TO MOTION TO STRIKE PETITION IN INTERVENTION AND ADOPTION..................Tab D

5. FIRST SUPPLEMENTAL MOTION TO STRIKE PETITION IN INTERVENTION AND ADOPTION .........................................Tab E

6. SUPPLEMENTAL SPECIAL EXCEPTIONS AN RESPONSE TO MOTION TO STRIKE PETITION IN INTERVENTION AND ADOPTION ......................................................................Tab F

7. PERMANENCY PLAN AND PROGRESS REPORT TO THE COURT ....................................................................................Tab G

8. PHOTOS OF CAR SEAT PROVIDED BY THE DEPARTMENT TO RELATOR ........................................................................Tab H

9. PHOTOS OF CRIB.................................................................. Tab I

## STATEMENT OF THE CASE

Relator filed an intervention in Cause No. 2014-CVL-000326-D4, styled In The Interest of D.A., A child. The petition sought adoption of D.A. by Relator, IRENE ALVARADO, who is the paternal grandmother of D.A. LORENA RAMIREZ and MANUEL RAMIREZ, foster parents by and through their attorney of record, Selena Mireles, filed a competing suit also seeking adoption of D.A. LORENA RAMIREZ and MANUEL RAMIREZ, foster parents by and through their attorney of record, Selena Mireles, filed a motion to strike the intervention of Relator, IRENE ALVARADO.

The respondent is the Honorable PAUL GALLEGOS, Child Protective Services Administrative Judge Sitting for the 406th Judicial District 1100 Victoria, 1st Floor, Webb County Justice Center Laredo, Texas 78040.

Respondent the Honorable PAUL GALLEGOS entered an ORDER GRANTING MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO, Relator.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus. Tex. Gov't Code §22.221(a); *see* Tex. Const. art. V, §6 (a).

## ISSUES PRESENTED

Issue 1:     Did Counsel for LORENA RAMIREZ and MANUEL RAMIREZ fail to properly challenge the Intervention of Relator?

Issue 2:     Did the trial court's order of February 12th, 2015, granting the motion to stike the intervention, is void.

## INTRODUCTION

Relator, IRENE ALVARADO, submits this petition for writ of mandamus complaining of the order of the Honorable Paul Gallegos, Child Protective Services Administrative Judge Sitting for the 406th Judicial District presiding of Webb County, Texas. For clarity, relator is referred to as IRENE ALVARADO; respondent, the Honorable Paul Gallegos, is referred to by name; and the real party in interest is referred to as Department of Child Protective Services and LORENA RAMIREZ and MANUEL RAMIREZ.

## STATEMENT OF FACTS

On February 17, 2014 a Priority 1 intake was received by The Department for Neglectful Supervision of newborn D.A. by the mother Ana Patricia Sosa. The intake stated D.A. was born on February 16, 2014 at Doctor's Hospital. The intake further stated Ms. Ana P. Sosa tested positive for cocaine and heroin at the time of D. A. birth. The intake stated Ms. Ana P. Sosa admitted having a history of substance abuse.

On February 17, 2014, the Department made an attempt to make contact with Ana Patricia Sosa at Doctor's Hospital (Laredo), however, medical staff reported that Ms. Sosa was no longer at the hospital and had been discharged earlier that morning.

On February 17, 2014, the Department made contact with Ms. Lira whom stated that she is familiar with the mother and reported that she cared for the child right after the child was delivered. She stated that she was concerned that Ms. Ana Sosa consumed heroin during her pregnancy and right before going to the hospital to deliver.

On February 18, 2014, the department established that D.A. had been moved over to the NICU. The department further established that the child was suffering from withdrawal symptoms and was scoring high on the abstinence scale; the child was placed on Methadone as a result of withdrawal symptoms.

2

The Department made contact with Ms. Ana Patricia Sosa at her address located at 1602 Marcella Street in Laredo, Texas. Ms. Ana Patricia Sosa reported that she has been using heroin for about "5 years off and on". Ms. Ana Patricia Sosa stated that she has been "using through pregnancy;" however, did not constantly until she was 5 months pregnant. Ms. Ana Patricia Sosa acknowledged that she was aware that she was pregnant and stated that she was aware that there could be serious effects to her unborn child as a result of her drug abuse. Ms. Ana Patricia Sosa reported that the last time she used heroin was 2 days ago. Ms. Ana Patricia Sosa disclosed that she consumes heroin, along with cocaine, twice a day. Ms. Ana Patricia Sosa stated that she uses both drugs combined. Subsequently, the Department filed for the removal of the children and petitioned the 406th District Court for Temporary Managing Conservatorship under Cause Number 2014-CVL-0003260D4; The Department was appointed Temporary Managing Conservatorship on February 21, 2014.

On or about March 31, 2014, the Department Placed D.A. with foster parents, LORENA RAMIREZ and MANUEL RAMIREZ. In its initial report, the Department reported that as follows:

> "The Primary Permanency Goal is **Alternative Family: Relative/Kinship Adoption.**
>
> The Department feels it is in the best interest of this child to be adopted by family members willing and able to provide D.A. with all her basic needs, love, and a family-like environment. Paternal grandmother, Irene

3

Alvarado, has expressed interest in caring and adopting D.A. Biological mother, Ana Patricia Sosa, used a controlled substance in a manner that endangered the health or safety of this child. Furthermore, Ms. Sosa is the cause of the child being born addicted to a controlled substance other than a controlled substance legally obtained by prescription. After attempting to complete a court-ordered substance abuse treatment program, continued to abuse a controlled substance. Alleged biological father, Eloy Alvarado, knowingly engaged in criminal conduct that has resulted in the father's conviction of an offense; and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition. Therefore, the Department feels that this child will be in a safer environment with family members that can provide adequate

care and supervision at all times. D.A.'s biological mother, Ana Patricia Sosa, and her alleged father, Eloy Alvarado are currently incarcerated at Webb County Jail. The Department has submitted a Request for Diligent Search (DFPS FINDRS Team) to locate possible suitable relatives with whom D.A. may be temporarily or permanently placed during the life of this case. This family member must be able and willing to meet D.A.'s physical, medical, emotional, social, educational, and safety needs.

The Concurrent Permanency Goal is Unrelated Adoption.

However, if Relative/Kinship Adoption cannot be achieved, the Department will then revisit the Permanency goal and consider Alternative Family; Unrelated Adoption. Foster caregivers, Mr. and Mrs. Ramirez, have shown an interest in caring and adopting D.A. Mr. and Mrs. Ramirez are aware that Texas Department of Family and Protective Services' policy requires that sufficient efforts are made to locate family members willing and able to care for this child with no Child Protective Services or criminal history."

A copy of the Permancy Plan and Progress Report to the Court is attached as Appendix Tab "G".

Almost immediately after the initial placement of D.A., the Department commenced efforts to have Relator IRENE ALVARADO adjust so that the child

might be placed in her care for eventual adoption. The efforts included inter alia, Relator taking initial steps for Daycare, the Department providing Relator IRENE ALVARADO with a child's car seat, (*see photos of car seat provided by the Department attached as Appendix Tab "H"*), securing a crib for the child to sleep in (*see photos of crib, Appendix Tab "I"*), and locating a physician that we be D.A. regular doctor. Subsequent to these efforts, foster parents, LORENA RAMIREZ and MANUEL RAMIREZ, by and through their attorney of records, Selina Mireles, filed a petition for adoption of D.A. Although ready willing and able to adopt D.A., on the eve of the termination, Relator learned that the Department was going to move to termination and that the Department would recommend that the foster parents, LORENA RAMIREZ and MANUEL RAMIREZ as the adopting parents (*on the date of the hearing, which was recorded electronically by tape recorder, counsel for the Department, announced that it was the intent of the Department to move forward with a termination and recommendation for adoption by the foster parents, LORENA RAMIREZ and MANUEL RAMIREZ*). An intervention filed by the undersigned on behalf of relator was filed; the motion to strike which was granted has prompted the filing of this writ. Relator, IRENE ALVARADO, requested that the Honorable Paul Gallegos deny the motion to strike however, the Honorable Paul Gallegos granted the motion to strike.

## ARGUMENT & AUTHORITIES

***Issue 1:*** ***Did Counsel for LORENA RAMIREZ and MANUEL RAMIREZ fail to properly challenge the Intervention of Relator?***

**Motion to Strike Pleading of Intervenor**

If a party in a suit opposes the intervention, that party must challenge the intervention by filing a motion to strike the petition in intervention. ***In Re Union Carbide Corp.***, 273 S.W.3d, 152, 154-55 (Tex.2008). The motion to strike must allege the following:

1       The Intervenor does not have a justiciable interest in the suit – that is, the Intervenor (1) could not have brought all or part of the same suit in its own name or (2) would not have been able to defeat all or part of the recovery, if the suit had been filed against it. Guaranty ***Fed. Sav. Bank v. Horseshoe Oper: Co.***, 793 S.W.2d at 652, 657;

2       The intervention will complicate the case by an excessive multiplication of the issues. ***Guaranty Fed.***, 793 S.W.2d at 657;

3       The intervention is not essential to protect the Intervener's interest. ***Guaranty Fed.***, 793 S.W.2d at 657.

The purpose of special exception (s) is to inform the opposing party of defects in its pleadings. ***Horizon/CMS Healthcare Corp. v. Auld***, 34 S.W.3d 887, 897 (Tex. 2000). By filing special exceptions, the challenging party identifies defects that should be remedied before a substantive response is

6

required.  ***O'Neal v. Sherck Equip. Co.***, 751 S.W.2d 559, 562 (Tex.App.-Texarkana 1988, no writ).

Texas follows the "fair notice" standard for pleading, which looks at whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what is relevant.  ***Horizon/CMS Healthcare Corp. v. Auld***, 34 S.W.3d 887, 896 (Tex.2000).  If a party makes general allegations, the responding party may file special exceptions to require the party to plead specifically what the basic issue of the controversy is.  ***Subia v. Texas Dept. of Human Servs.***, 750 S.W.2d 827, 829 (Tex.App.-El Paso 1988, no writ).  If a party fails to make specific allegations, the trial court "should strike" the objectionable allegations made by the moving party.  ***Cruz v. Morris***, 877 S.W.2d 45, 47 (Tex.App-Houston [14th Dist.] 1994, no writ.)

In the instant case, the allegations of LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, Motion to Strike Intervention filed by their attorney of record, Selena Mireles, were so general that it wholly failed to enunciate any of the grounds set for in ***Guaranty Fed.***, 793 S.W.2d.

On or about February 6, 2015, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, by and through their attorney of record, Selena Mireles, filed a "First Supplemental Motion to Strike Alleged Petition for Intervention and Adoption".  In the supplemental documents, LORENA

7

RAMIREZ and MANUEL RAMIREZ, foster parents, by and through their attorney of record, Selena Mireles simply regurgitated the *standard* that must be met by an Intervenor and again fail to state the grounds on which they would rely on to urge their motion to strike, e.g., *how* Intervenor did not have legal or equitable interest, *Guaranty Fed.*, 793 S.W.2d at 657; *how* Intervenor interest would not be affected by the litigation. *Law Office of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex.App.-Fort Worth 2003, no pet); and, *how* Intervenor could not (1) have brought all or part of the same suit in its own name or (2) would not have been able to defeat all or part of the recovery if the suit had been filed against her.

During the hearing, counsel for Intervenor specifically raised the deficiencies of LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, by and through their attorney of record, Selena Mireles, filed a "First Supplemental Motion to Strike Alleged Petition for Intervention and Adoption." Counsel for LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, never responded to the deficient motion to strike but rather argued inter alia, standing and failing to state a cause of action. Although counsel raised the problem with the motion to strike, the court disregarded the argument and initially ruled that the motion to strike would be granted however that he would not enter an order until a later time and that in the interim that Intervenor would

8

be given an opportunity to amend. Both counsel for Intervenor and counsel for LORENA RAMIREZ and MANUEL RAMIREZ, foster parents argued to the court that such a ruling was in fatal conflict; that is that the court could not grant a motion to strike and then hold it in abeyance the signing of an Order allowing for an amendment so as to cure a perceived flaw in Intervener's pleading. The court then changed its ruling and granted the motion to strike.

## CONCLUSION

The failure to amend their motion to strike to make proper allegations as set forth in *Guaranty Fed.*, should have been stricken and Intervenor's Petition in Intervention should have been allowed.

## ARGUMENT & AUTHORITIES

***Issue 2:*** ***Is the trial court's order of February 12, 20015, granting the motion to strike the intervention of Relator IRENE ALVARADO, void because the court applied the wrong legal standard.***

Mandamus is an extraordinary writ that should be issued only when the trial court has

clearly abused its discretion and there is no adequate remedy by appeal. ***Walker v. Packer***, 827

S.W.2d 833, 839-40 (Tex. 1992). Mandamus is appropriate, however, to correct a void order

of the trial court. ***Urbish v. 127th Judicial Dist. Court***, 708 S.W.2d 429, 431 (Tex. 1986);

***McGrew v. Heard***, 779 S.W.2d 455, 457 (Tex. App.—Houston [1st Dist.] 1989, orig.

proceeding). An order is void when a court has no power or jurisdiction to render it. ***Urbish***,

708 S.W.2d at 431.

### The Intervention

The purpose of a petition in intervention is to join a lawsuit that is already

in progress. The sufficiency of the petition in intervention is tested by the

allegations of fact on which the right to intervene depends. ***Serna v. Webster***,

908 S.W.2d 487, 492 (Tex.App.-San Antonio 1995, no writ)

### Elements for Proper Intervention:

To intervene, a party must file a written pleading. ***Diaz v. Attorney Gen.***,

827 S.W.2d 19, 22 (Tex.App.-Corpus Christi 1992, no writ); the Intervenor must

10

have a justiciable interest in the suit – that is, the Intervenor (1) could have brought all or part of the same suit in its own name or (2) would have been able to defeat all or part of the recovery, if the suit had been filed against it. Guaranty *Fed. Sav. Bank v. Horseshoe Oper: Co.*, 793 S.W.2d at 652, 657; the intervention will not complicate the case by an excessive multiplication of the issues. *Guaranty Fed.*, 793 S.W.2d at 657; and, that the intervention is essential to protect the Intervenor's interest. *Guaranty Fed.*, 793 S.W.2d at 657.

In the instant case, the Department sought termination of the parental rights of the natural father, ELOY ALVARADO and of the natural mother ANA SOSA. Immediately prior to termination proceedings, the Department had actively sought to qualify the Intervenor/Relator in this case as a relative with whom the department could place the child. *Section 102.004* of the Texas Family Code specifically gives a grandparent (or a relative within the third degree of consanguinity) legal standing requesting managing conservatorship. Further, when termination of the parental rights of the natural father and of the natural mother is sought, section *102.006 Limitations on Standing, (c)* of the Texas Family Code specifically provides as follows:

"(c)   The limitations on filing suit imposed by this section *do not apply* to…a grandparent of the child….if the….grandparent….files an original suit or a suit for       modification requesting managing conservatorship of the child not later than the 90[th] day   after the date the parent-child relationship between the child and the parent is    terminated   in a suit filed by the Department of Family Protective Services       requesting the termination       of     the      parent-child

11

relationship."

Additionally, section 153.432, Suit for Possession or Access by Grandparent, specifically allows for a grandparent to bring an (a) (1) an original suit; or (2) a suit for modification as provided by Chapter 156.

The trial court rendered an ORDER GRANTING MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO, dated February 12, 2015. See Tab "A"

The trial court based its order on the papers on file in this case and the arguments of the attorneys. No testimony was received at the hearing on the MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO.

Specifically, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents by and through their attorney of record, Selena Mireles, filed a motion to strike the Intervention of Relator, IRENE ALVARADO. LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, generally alleged that:

> "LORENA RAMIREZ and MANUEL RAMIREZ, Counter-Petitioner(s) request that the Court enter an order striking the Petition in Intervention in Original Petition for Protection of A Child, of Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship and Original Petition for Adoption *as it does not comport with the necessary legal requirements*."

A copy of said MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO

12

is attached as Appendix Tab "C".

Relator, IRENE ALVARADO, by and through the undersigned attorney filed, Special Exceptions and Response to Motion to Strike Petition For Intervention and Adoption. Said response generally alleges the failure on the part of LORENA RAMIREZ and MANUEL RAMIREZ to state any grounds on which to strike an intervention. A copy of said Response to Motion to Strike Petition For Intervention and Adoption is attached as Appendix Tab "D".

Thereafter, LORENA RAMIREZ and MANUEL RAMIREZ, by and through their attorney of record, Selina Mireles, filed a FIRST SUPPLEMENTAL MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO. In said supplemental motion, LORENA RAMIREZ and MANUEL RAMIREZ, by and through their attorney of record, Selina Mireles, simply enunciate the burden that must be met by an Intervenor when a motion to strike is filed. A copy of said document is attached as Appendix Tab "E".

Relator, IRENE ALVARADO, by and through the undersigned attorney filed a reply to the SUPPLEMENTAL SPECIAL EXCEPTIONS AND RESPONSE TO MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO. No subsequent Supplemental or Amended Pleading was filed by

LORENA RAMIREZ and MANUEL RAMIREZ. A copy of said Supplemental Special Exceptions and Response to Motion to Strike Petition For Intervention and Adoption is attached as Appendix Tab "F".

Through the response and subsequent reply, Relator, IRENE ALVARADO, by and through the undersigned attorney argued to the court that LORENA RAMIREZ and MANUEL RAMIREZ had failed to properly challenge the Intervention of Relator. The undersigned attorney further argued that in order for counsel for LORENA RAMIREZ and MANUEL RAMIREZ to properly challenge the intervention, *she must inform* the Intervenor/Relator of how she had failed to meet the standards enunciated in *Guaranty Fed.*, *In Re Unio Carbide*, *Law Office of Windle Turley, P.C. v. Ghiasinejad* , and its progeny. Rather than respond to the legal argument advanced by the undersigned attorney, counsel for LORENA RAMIREZ and MANUEL RAMIREZ responded that "it is not my job to tell Mr. Reyes how to put together a proper pleading."

Thereafter, the undersigned attorney endeavored to show how Intervenor/Relator had me the standards for an intervention. The court instead considered that Intervenor/Relator could have filed a separate lawsuit. The court further commented that if a new lawsuit was filed by the Intervenor/Relator, that her claim would simply be consolidated into the existing case.

14

# CONCLUSION

In the instant case, the Intervention brought by the paternal grandmother/Relator IRENE ALVARADO met the legal standards for an intervention, i.e., the intervention was file in writing; ***Diaz v. Attorney Gen.***, 827 S.W.2d 19, 22 (Tex.App.-Corpus Christi 1992, no writ); the Intervenor/Relator has a justiciable interest in the suit – that is, the Intervenor/Relator (1) could have brought all or part of the same suit in its own name or (2) would have been able to defeat all or part of the recovery, if the suit had been filed against it; ***Guaranty Fed.***; the intervention would not complicate the case by an excessive multiplication of the issues. ***Guaranty Fed.***, 793 S.W.2d at 657; and, that the intervention was essential to protect the Intervenor/Relator's interest. ***Guaranty Fed.***, 793 S.W.2d at 657.

Although Intervenor/Relator amply met the standard that must be met by an Intervenor in response to a motion to strike an intervention, notwithstanding the response and reply, the presiding judge entered an order striking Relator IRENE ALVARADO'S intervention. Subsequent to the Ruling, the Presiding Judge commented that Intervenor/Relator's pleading in intervention had failed to articulate her standing, the undersigned reminded him of the standards that must be met and that in the body of the response(s) that the undersigned had specifically pointed out to the court how standing is met."

15

## PRAYER

For these reasons, relator asks that the Court grant this writ of mandamus directing Judge Paul Gallegos to vacate his order of February 12, 2015, and to reinstate relator's intervention.

Respectfully submitted,

LAW OFFICE OF ANDRES REYES
401 E. HILLSIDE RD., CAPITOL CENTRE
LAREDO, TEXAS 78041
Tel: (956) 791-6634
Fax: (956) 725-4594


By: /s/ Andres Reyes
ANDRES REYES
State Bar No. 16794250
Attorney for Relator IRENE ALVARADO

16

# CERTIFICATION

I certify that I have reviewed the petition and have concluded that every factual statement made in the petition is supported by competent evidence included in the appendix or the record.

/s/ Andres Reyes
ANDRES REYES

## CERTIFICATE OF SERVICE

I certify that I served by fax and email on February 24, 2015, a copy of this Writ of Mandamus on the following parties:

Selena Mireles
State Bar No: 24009007
7913 McPherson Rd., Ste. 103
Laredo, Texas 78045
Tel: 956-753-0003
Fax: 956 753-0004
Attorney For LORENA RAMIREZ and MANUEL RAMIREZ,
***VIA FAX 956 753-0004***


Melissa Saldana
State Bar No. 24041848
809 Victoria Street
Laredo, Texas 78040
Tel: 956-307-5449
Fax: 956-
Email at Melissa@saldanalaw.us.
Attorney for ELOY ALVARADO
***VIA EMAIL: Melissa@saldanalaw.us.***

Oscar O. Pena
State Bar No. 90001479
P.O. Box 1324
Laredo, Texas 78042
Tel: 956-722-5167
Fax: 956-722-5186
Attorney for ANA SOSA
***VIA FAX 956 722-5186***

Timothy R. Bland
Assistant County Attorney
State Bar No. 24031870
1110 Washington St. Ste.301
Laredo, Texas 78040
Tel: 956-523-4044
Fax: 956-523-5005
Attorney for TEXAS DEPARTMENT OF FAMILY PROTECTIVE
SERVICES
*VIA FAX 956 523-5005*


Victor Villafranca
State Bar No. 24033416
1719 Washington Street
Laredo, Texas 78040
Tel: 956-729-9400
Fax: 956-729-9402
Attorney For D.A., Minor
*VIA FAX 956 729-9402*

/s/ Andres Reyes
ANDRES REYES

TAB A

CAUSE NO. 2014-CVL-000326-D4

| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| D.A. | § | 406TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | WEBB COUNTY, TEXAS |

## ORDER GRANTING MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO

On this 10TH day of February, 2015, the Court heard Lorena and Manuel Ramirez's (Intervenors), *Motion to Strike Petition for Intervention and Adoption, filed by Paternal Grandmother, Irene Alvarado*. After considering said motion, the arguments of counsel, and the pleadings on file, the Court is of the opinion that said *Motion to Strike Petition for Intervention and Adoption, filed by Paternal Grandmother, Irene Alvarado,* should be, in all things GRANTED, and that the *Petition in Intervention in Original Petition for Protection of a Child, of Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship and Original Petition for Adoption*, filed by Paternal Grandmother, Irene Alvarado shall be hereby struck in its entirety.

SIGNED ON THIS 12ᵗᵉ DAY OF February, 2015

_____
JUDGE PAUL GALLEGOS

Please fax to:

Selina L. Mireles: (956) 753-0004
Timothy R. Bland: (956) 523-5005
Victor Villafranca: (956) 729-9402
Oscar O. Pena: (956) 722-5186
Andres Reyes: (956) 725-4594
Carmen Garza: carmen@vozdeninos.org
Melissa Saldana: melissa@saldanalaw.us

APPROVED AS TO FORM:

_____
Selina Mireles

A True copy of the original, I certify,
the 12 day of Feb. 20 15
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County, Texas
By: _____ Deputy

TAB B

NO._____

| | | |
|---|---|---|
| IN RE IRENE ALVARADO | § | IN THE 4TH |
| | § | |
| | § | |
| | § | COURT OF APPEALS |
| | § | |
| | § | |
| | § | SAN ANTONIO, TEXAS |
| | § | |

---

## AFFIDAVIT OF NO EVIDENCE IN SUPPORT OF
## PETITION FOR WRIT OF MADAMUS

Before me, the undersigned notary, on this day personally appeared IRENE ALVARADO, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1.    "My name is IRENE ALVARADO. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are true and correct.

2.    I am the relator in the above-styled case, and I filed a petition for writ of mandamus.

3.    The trial court rendered an ORDER GRANTING MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO, dated February 12, 2015.

4.    The trial court based its order on the papers on file in this case and the arguments of the attorneys. No testimony was received at the hearing on the MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO.

5.    Specifically, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents by and through their attorney of record, Selena Mireles, filed a motion to strike the Intervention of Relator, IRENE ALVARADO.  LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, generally alleged that :

1

"LORENA RAMIREZ and MANUEL RAMIREZ, Counter-Petitioner(s) request that the Court enter an order striking the Petition in Intervention in Original Petition for Protection of A Child, of Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship and Original Petition for Adoption *as it does not comport with the necessary legal requirements*."

A copy of said MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO is attached as Appendix Tab "C".

6. Relator, IRENE ALVARADO, by and through the undersigned attorney filed, Special Exceptions and Response to Motion to Strike Petition For Intervention and Adoption. A copy of said Response to Motion to Strike Petition For Intervention and Adoption is attached as Appendix Tab "D". Said response generally alleges the failure on the part of LORENA RAMIREZ and MANUEL RAMIREZ to state any grounds on which to strike an intervention.

7. Thereafter, LORENA RAMIREZ and MANUEL RAMIREZ, by and through their attorney of record, Selina Mireles, filed a FIRST SUPPLEMENTAL MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO is attached as Appendix Tab "E". In said supplemental motion, LORENA RAMIREZ and MANUEL RAMIREZ, by and through their attorney of record, Selina Mireles, simply enunciate the burden that must be met by an Intervenor when a motion to strike is filed.

8. Relator, IRENE ALVARADO, by and through the undersigned attorney filed a reply to the SUPPLEMENTAL SPECIAL EXCEPTIONS AND RESPONSE TO MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION FILED BY PATERNAL GRANDMOTHER, IRENE ALVARADO. No subsequent Supplemental or Amended Pleading was filed by LORENA RAMIREZ and MANUEL RAMIREZ. A copy of said Response to Motion to Strike Petition For Intervention and Adoption is attached as Appendix Tab"F".

9. Through the response and subsequent reply, Relator, IRENE ALVARADO, by and through the undersigned attorney, amply responded to the standard that must be met by an intervenor in response to a motion to strike. Notwithstanding the response and reply, the presiding judge entered an order striking Relator IRENE ALVARADO'S intervention."

"FURTHER AFFIANT SAYETH NAUGHT."

_____
IRENE ALVARADO

STATE OF TEXAS                              §
                                            §
COUNTY OF WEBB                              §


Sworn to and subscribed to before me on February 23 _____, 2015, by
IRENE ALVARADO.

_____
NOTARY PUBLIC, State of Texas
My commission expires: 10/26/15

3

STATE OF TEXAS         §
WEBB COUNTY         §

# **VERIFICATION**

Before me, the undersigned notary, on this day personally appeared IRENE ALVARADO, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1. "My name is IRENE ALVARADO. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts in this affidavit are within my personal knowledge and are true and correct.

2. I am the attorney for relator. All the documents included with the petition for writ of mandamus are true copies."

 

_____
IRENE ALVARADO

TAB C

CAUSE NO. 2014-CVL-000326-D4

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| D.A. | § | 406TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | WEBB COUNTY, TEXAS |

**MOTION TO STRIKE ALLEGED PETITION FOR INTERVENTION AND ADOPTION**

LORENA RAMIREZ and MANUEL RAMIREZ, Counter-Petitioner(s), file this Motion to Strike Alleged Petition for Intervention and Adoption filed by IRENE ALVARADO.

LORENA RAMIREZ and MANUEL RAMIREZ, Counter-Petitioner(s) request that the Court enter an order striking the Petition in Intervention in Original petition for Protection of a Child, of Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship and Original Petition for Adoption as it does not comport with the necessary legal requirements.

Respectfully submitted,

LAW OFFICE OF SELINA L. MIRELES, PLLC
7913 MCPHERSON, SUITE 103
LAREDO, TEXAS 78045
TEL: (956) 753-0003
FAX: (956) 753-0004

By: _____
SELINA L. MIRELES
State Bar No. 24009007
mireles@txlawfirm.net
Attorney for LORENA RAMIREZ and
MANUEL RAMIREZ, JR.

*1/PAGE*

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on February 3, 2015.

*VIA FACSIMILE (956) 523-5005*
Timothy R. Bland
Attorney for Petitioner, TDFPS
Assistant County Attorney
1110 Washington Street, Suite 301
Laredo, Texas 78040

*VIA FACSIMILE (956)729-9402*
Victor Villafranca
Attorney Ad-Litem for the Child, Dayla Alvarado
1719 Washington Street
Laredo, Texas 78040

*VIA FACSIMILE (956)722-5186*
Oscar O. Pena
Attorney Ad-Litem for the Mother, Ana Patricia Sosa
1720 Matamoros
Laredo, Texas 78040

*VIA EMAIL melissa@saldanalaw.us*
Melissa Saldana
Attorney Ad-Litem for the Father, Eloy Alvarado
809 Victoria Street
Laredo, Texas 78040

*VIA EMAIL carmen@vozdeninos.org*
Carmen Garza, Supervisor
Voz de Niños, Court Appointed Special Advocates
Guardian Ad-Litem for the Child, Dayla Alvarado
902 East Calton Road, Suite 106
Laredo, Texas 78041.

*VIA FACSIMILE (956)725-4594*
Andres Reyes
401 E. Hillside
Laredo, Texas 78041

_____
SELINA L. MIRELES

*2/I'* ʻ ʻ ʻ

TAB D

Filed
2/6/2015 1:50:27 PM
Esther Degollado
District Clerk
Webb District
2014CVL000326 D4

**CAUSE NO. 2014-CVL-000326-D4**

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| DAYLA SOSA | § | 406th JUDICIAL DISTRICT |
| | § | |
| | § | |
| CHILDREN | § | WEBB COUNTY, TEXAS |

**SPECIAL EXCEPTIONS AND RESPONSE TO MOTION TO
STRIKE PETITION FOR INTERVENTION AND ADOPTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW IRENE ALVARADO, INTERVENOR and files this Special Exceptions and Response to Motion to Strike Petition for Intervention and Adoption, and would respectfully show the court as follows:

I.

**PARTIES**

Intervenor is the Paternal Grandmother of DAYLA SOSA, the child the subject of these proceedings.

Movants, LORENA RAMIREZ and MANUEL RAMIREZ, are foster parents who seek adoption of the child DAYLA SOSA who may be served with notice through their attorney of record, Selena Mireles via fax at (956) 753-0004.

The father of the child is ELOY ALVARADO who may be served with notice through his attorney of record, Melissa Saldana via email at Melissa@saldanalaw.us.

The mother of the child is ANA SOSA who may be served with notice through his attorney of record, Oscar O. Pena via fax at (956) 722-5186.

The Department may be served with notice through its attorney of record, Timothy R. Bland via fax at (956) 523-5005.

The Child DAYLA SOSA, is represented by Victor Villafranca who may be served with notice via fax at (956) 729-9402.

## II.

## SPECIAL EXCEPTIONS

Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents by and through their attorney of record, Selena Mireles, have caused to be filed a motion to strike the Intervention of Respondent/Intervenor, IRENE ALVARADO. Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents have generally alleged that

> "LORENA RAMIREZ and MANUEL RAMIREZ, Counter-Petitioner(s) request that the Court enter an order striking the Petition in Intervention in Original Petition for Protection of A Child, of Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship and Original Petition for Adoption *as it does not comport with the necessary legal requirements.*"

*Authority*

If a party in the suit opposes the intervention, that party must challenge the intervention by filing a motion to strike the petition in intervention. *In Re Union Carbide Corp.*, 273 S.W.3d, 152, 154-55 (Tex.2008). The motion to strike must allege the following:

1    The Intervenor does not have a justiciable interest in the suit – that is, the Intervenor (1) could not have brought all or part of the same suit in its own name or (2) would not have been able to defeat all or part of the recovery, if the suit had been filed against it. Guaranty *Fed. Sav. Bank v. Horseshoe Oper: Co.*, 793 S.W.2d at 652, 657;

2    The intervention will complicate the case by an excessive multiplication of the issues. *Guaranty Fed.*, 793 S.W.2d at 657;

3    The intervention is not essential to protect the Intervenor's interest. *Guaranty Fed.*, 793 S.W.2d at 657.

The purpose of special exception (s) is to inform the opposing party of defects in its pleadings. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). By filing special exceptions, the challenging party identifies defects that should be remedied before a substantive response is required. *O'Neal v. Sherck Equip. Co.*, 751 S.W.2d 559, 562 (Tex.App.-Texarkana 1988, no writ).

Texas follows the "fair notice" standard for pleading, which looks at whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what is relevant. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex.2000). If a party makes general allegations, the responding party may file special exceptions to require the party to plead specifically what the basic issue of the controversy is. *Subia v. Texas Dept. of Human Servs.*, 750 S.W.2d 827, 829 (Tex.App.-El Paso 1988, no writ). If a party fails to make specific allegations, the trial court "should strike" the objectionable allegations made by the moving party. *Cruz v. Morris*, 877 S.W.2d 45, 47 (Tex.App-Houston [14th Dist.] 1994, no writ.)

In the instant case, the allegations in Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, Motion to Strike Intervention filed by their attorney of record, Selena Mireles, are so general that it wholly fails to enunciate any of the grounds set for in *Guaranty Fed.*, 793 S.W.2d. The failure to amend their motion to strike to make proper allegations as set forth in *Guaranty Fed.*, must be stricken and Intervenor's Petition in Intervention must be allowed.

## III.

### RESPONDENT'S INTERVENTION

The purpose of a petition in intervention is to join a lawsuit that is already in progress. The sufficiency of the petition in intervention is tested by the allegations of fact on which the right to intervene depends. *Serna v. Webster*, 908 S.W.2d 487, 492 (Tex.App.-San Antonio 1995, no writ)

**Elements for Proper Intervention**:

**In writing**:   To intervene, a party must file a written pleading. *Diaz v. Attorney Gen.*, 827 S.W.2d 19, 22 (Tex.App.-Corpus Christi 1992, no writ);

**Interest of Intervenor**:   The interest that the Intervenor asserts in the lawsuit may be legal or equitable *Guaranty Fed.*, 793 S.W.2d at 657. The Intervenor must have a justiciable interest in the suit. *In Re Unio Carbide*, 273 S.W.3d at 154-55. A party has a justiciable interest when its interest will be affected by the litigation. *Law Office of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex.App.-Fort Worth 2003, no pet). That is a party can intervene if it (1) could have brought all or part of the same suit in its own name or (2) would have been able to defeat all or part of the recovery if the suit had been filed against it. *Guaranty Fed.*, 793 S.W.2d at 657

**Proper Venue**:      As per CPRC section 15.003 (a)

**For All Purposes**:   Once a party intervenes, the Intervenor becomes a party to the suit for all purposes. *In Re J.D.*, 304 S.W.3d 522, 525 (Tex.App.-Waco 2009, no pet)

**Argument**:

In the instant case, the Intervention brought by the paternal grandmother IRENE ALVARADO was filed in writing amongst the records of the court. The onerous is on the

Inervenor to show that she has a justiciable interest in this lawsuit. ***Intermarque Auto. Prods. v. Feldman***, 21 S.W.3d 544, 549 (Tex.App.-Texarkana 2000, no pet.)

The Department seeks termination of the parental rights of the natural father, ELOY ALVARADO and of the natural mother ANA SOSA. Immediately prior to termination proceedings, the Department had actively sought to qualify the Intervenor in this case as a relative with whom the department could place the child. ***Section 102.004*** of the Texas Family Code specifically gives a grandparent (or a relative within the third degree of consanguinity) legal standing requesting managing conservatorship. Should the parental rights of the natural father, ELOY ALVARADO and of the natural mother ANA SOSA be terminated, section ***102.006 Limitations on Standing, (c)*** of the Texas Family Code specifically provides as follows:

> "(c)   The limitations on filing suit imposed by this section ***do not apply*** to...a grandparent of the child....if the....grandparent....files an original suit or a suit for modification requesting managing conservatorship of the child not later than the 90[th] day after the date the parent-child relationship between the child and the parent is terminated in a suit filed by the Department of Family Protective Services requesting the termination of the parent-child relationship."

Additionally, section 153.432, Suit for Possession or Access by Grandparent. Specifically, it allows for a grandparent to bring an (a) (1) an original suit; or (2) a suit for modification as provided by Chapter 156.

**The Motion to Strike Filed By Movants**:

Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents have generally alleged that:

> "LORENA RAMIREZ and MANUEL RAMIREZ, Counter-Petitioner(s) request that the Court enter an order striking the Petition in Intervention in Original Petition for Protection of A Child, of Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship and Original Petition for Adoption ***as it does not comport with the necessary legal requirements***."

Although Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, Motion to Strike is Defective in that it fails to wholly inform Intervenor of the defect of her pleadings, it can readily be seen that the Intervention did not include the affidavit required by section 153.432 (c).

**Conclusion**:

The Texas Family Code amply provides the vehicles by which a grandparent may assert a justiciable interest; unequivocally, Intervenors interest is affected by the instant litigation. The applicable statutes give Intervenor the standing to bring all or part of the same suit in Intervenors own name. Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents seek for this court to completely deny Intervenor the opportunity to seek adoption of her grandchild on the strength of the omission of an affidavit. To be clear, the affidavit requires that the affiant execute the affidavit and represent to the court that "on knowledge or belief.....that the denial or possession....to the child by the petitioner would significantly impair the child's physical or emotional well-being." Established norms repeatedly show that children develop into productive adults when raised by a family member rather than persons who have no blood lineage with the child. Moreover, sections 263.3026, Permanency Goals clearly enunciate the policy of the State of Texas. Section 263.3026 states in pertinent part as follows:

(a) The department's permancy plan for a child may include as a goal:

(2) the ....adoption of the child by a relative.......

WHEREFORE PREMISES CONSIDERED, Intervenor, Respondent herein, requests that Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, Motion to Strike Petition for Intervention and Adoption be DENIED.

Respectfuly submitted,

LAW OFFICE OF ANDRES REYES
401 E. HILLSIDE RD., CAPITOL CENTRE
LAREDO, TEXAS 78041
Tel: (956) 791-6634
Fax: (956) 725-4594

By: _____
    ANDRES REYES
    State Bar No. 16794250
    Attorney for Intervenor IRENE ALVARADO

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on February 6, 2015 as follows:

Selena Mireles,
Attorney For Movants
LORENA RAMIREZ and MANUEL RAMIREZ,
Via fax at (956) 753-0004.

Melissa Saldana
Attorney for ELOY ALVARADO
Via email at Melissa@saldanalaw.us.

Oscar O. Pena
Attorney for ANA SOSA
Via fax at (956) 722-5186.

Timothy R. Bland
Attoney For The Department
Via fax at (956) 523-5005.

Victor Villafranca
Attorney For DAYLA SOSA
Via fax at (956) 729-9402.

_____
ANDRES REYES
Attorney Intervenor IRENE ALVARADO

TAB E

CAUSE NO. 2014-CVL-000326-D4

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| D.A. | § | 406TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | WEBB COUNTY, TEXAS |

FIRST SUPPLEMENTAL
**MOTION TO STRIKE ALLEGED PETITION FOR INTERVENTION AND ADOPTION**

LORENA RAMIREZ and MANUEL RAMIREZ, Counter-Petitioner(s), file this *First Supplemental* Motion to Strike Alleged Petition for Intervention and Adoption filed by IRENE ALVARADO.

LORENA RAMIREZ and MANUEL RAMIREZ, Counter-Petitioner(s) request that the Court enter an order striking the Petition in Intervention in Original Petition for Protection of a Child, of Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship and Original Petition for Adoption as it does not comport with the necessary legal requirements.

Furthermore, the Petition in Intervention in Original petition for Protection of a Child, of Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship and Original Petition for Adoption filed by Paternal Grandmother, IRENE ALVARADO, fails to allege the following:

(1) The intervenor does not have a justiciable interest in the suit-that is, the intervenor (1) could not have brought all or part of the same suit in its own name or (2) would not have been able to defeat all or part of the recovery if the suit had been filed against it.;

(2) The intervention will complicate the case by an excessive multiplication of issues;

(3) The interevention is not essential to protect the intervenor's interest.

Therefore, LORENA RAMIREZ and MANUEL RAMIREZ, Counter-Petitioner(s) request that the Court enter an order striking the Petition in Intervention in Original Petition for

*1|Page*

Protection of a Child, of Conservatorship, and for Termination in Suit Affecting the Parent-Child

Relationship and Original Petition for Adoption and requests all other general relief that they are

justly entitled.

Respectfully submitted,

LAW OFFICE OF SELINA L. MIRELES, PLLC
7913 McPHERSON, SUITE 103
LAREDO, TEXAS 78045
TEL: (956) 753-0003
FAX: (956) 753-0004

By: _____
SELINA D. MIRELES
State Bar No. 24009007
mireles@txlawfirm.net
Attorney    for    LORENA    RAMIREZ    and
MANUEL RAMIREZ, JR.

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on February 6, 2015.

### VIA FACSIMILE (956) 523-5005
Timothy R. Bland
Attorney for Petitioner, TDFPS
Assistant County Attorney
1110 Washington Street, Suite 301
Laredo, Texas 78040

### VIA FACSIMILE (956)729-9402
Victor Villafranca
Attorney Ad-Litem for the Child, Dayla Alvarado
1719 Washington Street
Laredo, Texas 78040

### VIA FACSIMILE (956)722-5186
Oscar O. Pena
Attorney Ad-Litem for the Mother, Ana Patricia Sosa
1720 Matamoros
Laredo, Texas 78040

### VIA EMAIL melissa@saldanalaw.us
Melissa Saldana
Attorney Ad-Litem for the Father, Eloy Alvarado
809 Victoria Street
Laredo, Texas 78040

### VIA EMAIL carmen@vozdeninos.org
Carmen Garza, Supervisor
Voz de Niños, Court Appointed Special Advocates
Guardian Ad-Litem for the Child, Dayla Alvarado
902 East Calton Road, Suite 106
Laredo, Texas 78041.

### VIA FACSIMILE (956)725-4594
Andres Reyes
401 E. Hillside
Laredo, Texas 78041

_____
SELINA L. MIRELES

TAB F

Filed
2/9/2015 12:15:02 PM
Esther Degollado
District Clerk
Webb District
2014CVL000326 D4

CAUSE NO. 2014-CVL-000326-D4

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| DAYLA SOSA | § | 406th JUDICIAL DISTRICT |
| | § | |
| | § | |
| CHILDREN | § | WEBB COUNTY, TEXAS |

### SUPPLEMENTAL SPECIAL EXCEPTIONS AND RESPONSE TO MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW IRENE ALVARADO, INTERVENOR and files this Supplemental Special Exceptions and Response to Motion to Strike Petition for Intervention and Adoption, and would respectfully show the court as follows:

I.

### PARTIES

Intervenor is the Paternal Grandmother of DAYLA SOSA, the child the subject of these proceedings.

Movants, LORENA RAMIREZ and MANUEL RAMIREZ, are foster parents who seek adoption of the child DAYLA SOSA who may be served with notice through their attorney of record, Selena Mireles via fax at (956) 753-0004.

The father of the child is ELOY ALVARADO who may be served with notice through his attorney of record, Melissa Saldana via email at Melissa@saldanalaw.us.

The mother of the child is ANA SOSA who may be served with notice through his attorney of record, Oscar O. Pena via fax at (956) 722-5186.

The Department may be served with notice through its attorney of record, Timothy R. Bland via fax at (956) 523-5005.

---

SUPPLEMENTAL SPECIAL EXCEPTIONS AND RESPONSE TO
MOTION TO STRIKE PETITION FOR INTERVENTION AND ADOPTION                    Page 1

The Child DAYLA SOSA, is represented by Victor Villafranca who may be served with notice via fax at (956) 729-9402.

## II.

## SUPPLEMENTAL SPECIAL EXCEPTIONS

Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents by and through their attorney of record, Selena Mireles, have caused to be filed a motion to strike the Intervention of Respondent/Intervenor, IRENE ALVARADO. Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents have generally alleged that

> "LORENA RAMIREZ and MANUEL RAMIREZ, Counter-Petitioner(s) request that the Court enter an order striking the Petition in Intervention in Original Petition for Protection of A Child, of Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship and Original Petition for Adoption *as it does not comport with the necessary legal requirements*."

*Authority*

If a party in the suit opposes the intervention, that party must challenge the intervention by filing a motion to strike the petition in intervention. ***In Re Union Carbide Corp***., 273 S.W.3d, 152, 154-55 (Tex.2008). The motion to strike must allege the following:

1.     The Intervenor does not have a justiciable interest in the suit – that is, the Intervenor (1) could not have brought all or part of the same suit in its own name or (2) would not have been able to defeat all or part of the recovery, if the suit had been filed against it. Guaranty ***Fed. Sav. Bank v. Horseshoe Oper: Co.***, 793 S.W.2d at 652, 657;

2.     The intervention will complicate the case by an excessive multiplication of the issues. ***Guaranty Fed.***, 793 S.W.2d at 657;

3    The intervention is not essential to protect the Intervenor's interest. *Guaranty Fed.*, 793 S.W.2d at 657.

The purpose of special exception (s) is to inform the opposing party of defects in its pleadings. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). By filing special exceptions, the challenging party identifies defects that should be remedied before a substantive response is required. *O'Neal v. Sherck Equip. Co.*, 751 S.W.2d 559, 562 (Tex.App.-Texarkana 1988, no writ).

Texas follows the "fair notice" standard for pleading, which looks at whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what is relevant. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex.2000). If a party makes general allegations, the responding party may file special exceptions to require the party to plead specifically what the basic issue of the controversy is. *Subia v. Texas Dept. of Human Servs.*, 750 S.W.2d 827, 829 (Tex.App.-El Paso 1988, no writ). If a party fails to make specific allegations, the trial court "should strike" the objectionable allegations made by the moving party. *Cruz v. Morris*, 877 S.W.2d 45, 47 (Tex.App-Houston [14th Dist.] 1994, no writ.)

In the instant case, the allegations in Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, Motion to Strike Intervention filed by their attorney of record, Selena Mireles, are so general that it wholly fails to enunciate any of the grounds set for in *Guaranty Fed.*, 793 S.W.2d. The failure to amend their motion to strike to make proper allegations as set forth in *Guaranty Fed.*, must be stricken and Intervenor's Petition in Intervention must be allowed.

On or about February 6, 2015, Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, by and through their attorney of record, Selena Mireles, filed a "First

Supplemental Motion to Strike Alleged Petition for Intervention and Adoption". In the supplemental documents, Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, by and through their attorney of record, Selena Mireles simply regurgitated that *standard* that must be met by an Intervenor and again fail to state the grounds on which they will rely on to urge their motion to strike, e.g., *how* Intervenor does not have legal or equitable interest, ***Guaranty Fed.***, 793 S.W.2d at 657; *how* Intervenor interest will not be affected by the litigation. ***Law Office of Windle Turley, P.C. v. Ghiasinejad***, 109 S.W.3d 68, 70 (Tex.App.-Fort Worth 2003, no pet); and, *how* Intervenor could not (1) could have brought all or part of the same suit in its own name or (2) would have been able to defeat all or part of the recovery if the suit had been filed against her. The failure to amend their motion to strike to make proper allegations as set forth in ***Guaranty Fed.***, must be stricken and Intervenor's Petition in Intervention must be allowed.

### III.

### RESPONDENT'S INTERVENTION

The purpose of a petition in intervention is to join a lawsuit that is already in progress. The sufficiency of the petition in intervention is tested by the allegations of fact on which the right to intervene depends. ***Serna v. Webster***, 908 S.W.2d 487, 492 (Tex.App.-San Antonio 1995, no writ)

**Elements for Proper Intervention**:

**In writing**: To intervene, a party must file a written pleading. ***Diaz v. Attorney Gen.***, 827 S.W.2d 19, 22 (Tex.App.-Corpus Christi 1992, no writ);

**Interest of Intervenor**: The interest that the Intervenor asserts in the lawsuit may be legal or equitable ***Guaranty Fed.***, 793 S.W.2d at 657. The Intervenor must have a justiciable

interest in the suit. *__In Re Unio Carbide__*, 273 S.W.3d at 154-55. A party has a justiciable interest when its interest will be affected by the litigation. *__Law Office of Windle Turley, P.C. v. Ghiasinejad__*, 109 S.W.3d 68, 70 (Tex.App.-Fort Worth 2003, no pet). That is a party can intervene if it (1) could have brought all or part of the same suit in its own name or (2) would have been able to defeat all or part of the recovery if the suit had been filed against it. *__Guaranty Fed.__*, 793 S.W.2d at 657

**Proper Venue**: As per CPRC section 15.003 (a)

**For All Purposes**: Once a party intervenes, the Intervenor becomes a party to the suit for all purposes. *__In Re J.D.__*, 304 S.W.3d 522, 525 (Tex.App.-Waco 2009, no pet)

**Argument**:

In the instant case, the Intervention brought by the paternal grandmother IRENE ALVARADO was filed in writing amongst the records of the court. The onerous is on the Inervenor to show that she has a justiciable interest in this lawsuit. *__Intermarque Auto. Prods. v. Feldman__*, 21 S.W.3d 544, 549 (Tex.App.-Texarkana 2000, no pet.)

The Department seeks termination of the parental rights of the natural father, ELOY ALVARADO and of the natural mother ANA SOSA. Immediately prior to termination proceedings, the Department had actively sought to qualify the Intervenor in this case as a relative with whom the department could place the child. *Section 102.004* of the Texas Family Code specifically gives a grandparent (or a relative within the third degree of consanguinity) legal standing requesting managing conservatorship. Should the parental rights of the natural father, ELOY ALVARADO and of the natural mother ANA SOSA be terminated, section *102.006 Limitations on Standing, (c)* of the Texas Family Code specifically provides as follows:

"(c)   The limitations on filing suit imposed by this section *do not apply* to…a grandparent of the child….if the….grandparent….files an original suit or a suit for modification requesting managing conservatorship of the child not later than the 90[th] day after the date the parent-child relationship between the child and the parent is terminated in a suit filed by the Department of Family Protective Services requesting the termination of the parent-child relationship."

Additionally, section 153.432, Suit for Possession or Access by Grandparent.  Specifically, it allows for a grandparent to bring an (a) (1) an original suit; or (2) a suit for modification as provided by Chapter 156.

**The Motion to Strike Filed By Movants**:

Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents have generally alleged that:

"LORENA RAMIREZ and MANUEL RAMIREZ, Counter-Petitioner(s) request that the Court enter an order striking the Petition in Intervention in Original Petition for Protection of A Child, of Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship and Original Petition for Adoption *as it does not comport with the necessary legal requirements*."

Although Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, Motion to Strike is Defective in that it fails to wholly inform Intervenor of the defect of her pleadings, it can readily be seen that the Intervention did not include the affidavit required by section 153.432 (c).

**Conclusion**:

The Texas Family Code amply provides the vehicles by which a grandparent may assert a justiciable interest; unequivocally, Intervenors interest is affected by the instant litigation.  The applicable statutes give Intervenor the standing to bring all or part of the same suit in Intervenors own name.  Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents seek for this court to completely deny Intervenor the opportunity to seek adoption of her grandchild on the strength of the omission of an affidavit.  To be clear, the affidavit requires that the affiant

execute the affidavit and represent to the court that "on knowledge or belief.....that the denial or possession....to the child by the petitioner would significantly impair the child's physical or emotional well-being." Established norms repeatedly show that children develop into productive adults when raised by a family member rather than persons who have no blood lineage with the child. Moreover, sections 263.3026, Permanency Goals clearly enunciate the policy of the State of Texas. Section 263.3026 states in pertinent part as follows:

(a) The department's permancy plan for a child may include as a goal:

(2) the ....adoption of the child by a relative.......

WHEREFORE PREMISES CONSIDERED, Intervenor, Respondent herein, requests that Movants, LORENA RAMIREZ and MANUEL RAMIREZ, foster parents, Motion to Strike Petition for Intervention and Adoption be DENIED.

Respectfully submitted,

LAW OFFICE OF ANDRES REYES
401 E. HILLSIDE RD., CAPITOL CENTRE
LAREDO, TEXAS 78041
Tel: (956) 791-6634
Fax: (956) 725-4594

By:_____
ANDRES REYES
State Bar No. 16794250
Attorney for Intervenor IRENE ALVARADO

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in

accordance with the Texas Rules of Civil Procedure on February 9, 2015 as follows:

Selena Mireles,
Attorney For Movants
LORENA RAMIREZ and MANUEL RAMIREZ,
Via fax at (956) 753-0004.

Melissa Saldana
Attorney for ELOY ALVARADO
Via email at Melissa@saldanalaw.us.

Oscar O. Pena
Attorney for ANA SOSA
Via fax at (956) 722-5186.

Timothy R. Bland
Attoney For The Department
Via fax at (956) 523-5005.

Victor Villafranca
Attorney For DAYLA SOSA
Via fax at (956) 729-9402.

_____
ANDRES REYES
Attorney Intervenor IRENE ALVARADO

TAB G

Filed
1/5/2015 12:58:05 PM
Esther Degollado
District Clerk
Webb District
2014 CVL 000326 D4

CAUSE NO. 2014-CVL-000326-D4

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT OF |
| | § | |
| DAYLA ALVARADO | § | WEBB COUNTY, TEXAS |
| | § | |
| MINOR CHILD | § | 406TH JUDICIAL DISTRICT |

## PERMANENCY PLAN AND PROGRESS REPORT TO THE COURT

The Texas Department of Family and Protective Services ("the Department") represented by **Joe Lucio** presents this report regarding the permanency plan and the progress that has been made toward ensuring that a final order consistent with this plan is rendered for the child who is the subject of this suit. The court hearing is scheduled for **January 21, 2015 at 2:00 p.m.**

## I.  SUBJECT CHILD

| Name: | Sex: | Age: | Date of Birth: | |
|---|---|---|---|---|
| **Dayla Alvarado** | **Female** | **11 months** | **February 16, 2014** | |
| Place of Birth **Webb County** | City: **Laredo** | State: **Texas** | Country: **United States of America** | |
| Date of Initial Placement: **02/16/2014** | Type of Current Placement **Foster Home** | Date of Current Placement **03/31/2014** | County of Current Placement **Webb** | Name of Current School **My Lil' Big School 2** |

Native American Child Status:

(3) Child's American Indian child status denied by biological parents

Permanency Plan and Progress Report to the Court
**CAUSE NO. 2014-CVL-000326-D4**

## II.   PARTIES TO THIS SUIT

**Ana Patricia Sosa**
Respondent Mother
1602 Marcella Avenue
Laredo, Texas 78040

**Eloy Alvarado**
Alleged Biological Father
Webb County Jail
1001 Washington Street
Laredo, Texas 78040

**Timothy Bland**
Attorney for Petitioner
1110 Washington Street, Suite 301
Laredo, Texas 78040

**Oscar O. Pena**
Attorney Ad-Litem for Mother
1720 Matamoros Street
Laredo, Texas 78040

**Victor Villafranca Jr.**
Attorney and Guardian Ad-Litem for Child
1719 Washington Street
Laredo, Texas 78040

**Melissa Saldana**
Attorney Ad-Litem for Father
809 Victoria Street
Laredo, Texas 78040

## III.   SERVICE OF PROCESS

| Parent | Date of Service | How parent was served | If parent has not been served, describe the efforts made to serve the parent. |
|---|---|---|---|
| Ana Patricia Sosa | 02/24/2014 | Personal | The Webb County Attorney's Office will disclose the efforts made to serve the parents during the court hearing. |
| Eloy Alvarado | 04/07/2014 | Personal | |

Permanency Plan and Progress Report to the Court
**CAUSE NO. 2014-CVL-000326-D4**

## IV.  DUE DILIGENCE TO LOCATE ALL NECESSARY PARTIES

A. Parental Cooperation

Biological mother, Ana Sosa, has cooperated with the Department. The Department along with Ms. Patricia Carreon (maternal grandmother) and Ms. Sandra Carreon (maternal cousin) scheduled a Family Group Conference (FGC) on April 3, 2014. The plan of service was mailed to Ms. Sosa. The Department will continue to work jointly with Ms. Sosa in order that the tasks on the Family Plan of Service may be completed.

On April 2, 2014, Ms. Ana P. Sosa was transferred to Ellen Halbert Unit (Correctional Institutions Division-Substance Abuse Felony Punishment Facility) in Burnet, Texas.

On April 22, 2014, Ms. Ana Patricia Sosa signed the Family Service Plan. On April 22, 2014, Ms. Ana Patricia Sosa voluntarily gave Texas Department of Family and Protective Services (DFPS) permission to release information to the Department of State Health Services (DSHS) and the person or company that DSHS contracts with or monitors (Substance Abuse Treatment/Chemical Dependency Treatment Facility (SATP/CDTF).

On October 6, 2014, Ms. Ana Patricia Sosa successfully completed an intensive drug and alcohol therapeutic community at Ellen Halbert Correctional Facility.

On October 6, 2014, Ms. Ana Patricia Sosa was transferred and transported to Brazos Valley Council on Alcohol and Substance Abuse Treatment Center.

On November 24, 2014, Ms. Ana Patricia Sosa left Brazos Valley Council on Alcohol and Substance Abuse Treatment Center without consent from treatment center staff members or the Court.

On December 10, 2014, Ms. Ana Patricia Sosa signed Family Service Plan detailing a list of tasks Ms. Sosa must complete in order for the Department to consider Family Reunification.

On May 15, 2014, Mr. Eloy Alvarado has cooperated with the Department. Mr. Eloy Alvarado is currently at the Webb County Jail. Mr. Eloy Alvarado signed the Family Plan of Service. The Department will continue to work jointly with Mr. Eloy Alvarado in order that the tasks on the Family Plan of Service may be completed.

On May 15, 2014, Mr. Eloy Alvarado  voluntarily gave Texas Department of Family and Protective Services (DFPS) permission to release information to the Department of State Health Services (DSHS) and the person or company that DSHS contracts

Permanency Plan and Progress Report to the Court
**CAUSE NO. 2014-CVL-000326-D4**

with or monitors (Substance Abuse Treatment/Chemical Dependency Treatment Facility (SATP/CDTF).

B. The Department's Efforts to Locate Missing Parents

Biological mother, Ana Patricia Sosa, has been located and notified. Ms. Sosa is currently residing with her mother at 1602 Marcella Avenue in Laredo, Texas. Biological father, Eloy Alvarado, has been located and notified. Mr. Alvarado is currently incarcerated at Webb County Jail in Laredo, Texas.

C. Notification of Relatives

Mr. Joe Lucio inquired with Ms. Ana P. Sosa and Ms. Patricia Carreon on February 27, 2014 if she knew of any relatives that would be willing and able to care for the child. Ms. Ana P. Sosa and Ms. Patricia Carreon gave the names of Sandra Carreon (maternal cousin) and Rosa Martinez (former paternal grandmother).

On March 24, 2014, Mr. Joe Lucio met with Ms. Irene Alvarado (paternal grandmother) at the Child Protective Services office to discuss the dynamics of the case. Ms. Irene Alvarado voluntarily decided she would be willing and able to care for Dayla Alvarado. She further expressed an interest in adopting Dayla Alvarado. A Home Study was completed on June 9th, 2014.

On September 17, 2014 the Department filed a Home Study and an Addendum listing concerns and reasons why the home study for Irene Alvarado was not approved by Child Protective Services Supervisor and Program Director.

On October 7, 2014, an Advisement to the Court was filed stating that the Department will not proceed with a home study for maternal cousin, Sandra Carreon and Alejandro Carreon.

On December 10, 2014, caseworker discussed with Ana Patricia Sosa and Patricia Carreon if any relatives have been located willing and able to care for Dayla. However, Ms. Sosa and Ms. Carreon reported that they have no relatives available at this time. Caseworker advised Ms. Sosa and Ms. Carreon to continue making efforts to locate family members willing to care for Dayla with no Child Protective Services or criminal history.

## V. CURRENT LEGAL STATUS

The Department was appointed Temporary Managing Conservator of the child on **February 21, 2014**.

♦ the dismissal date of **February 23, 2015** already set for this suit remain in effect, as it is consistent with the recommended permanency plan.

Permanency Plan and Progress Report to the Court
**CAUSE NO. 2014-CVL-000326-D4**

An extension of the date for dismissal of this suit has not been previously granted in this case.

## VI. HISTORY OF FAMILIES INVOLVMENT WITH CHILD WELFARE:

A. Current Texas Department of Family and Protective Services Involvement:

| Date | Allegation | Victim Child | Designated Perpetrator | Disposition | Agency/State |
|---|---|---|---|---|---|
| 02/17/2014 | Neglectful Supervision | Dayla Alvarado | Ana Patricia Sosa | Reason to Believe | CPS / TX |

On February 17, 2014 a Priority 1 intake was received by The Department for Neglectful Supervision of newborn Dayla Alvarado by the mother Ana Patricia Sosa. The intake stated Dayla Alvarado was born on February 16, 2014 and currently remains at Doctor's Hospital until further notice. The intake further stated Ms. Ana P. Sosa tested positive for cocaine and heroin at the time of Dayla Alvarado's birth. The intake stated Ms. Ana P. Sosa admitted having a history of substance abuse.

On February 17, 2014, the Department made an attempt to make contact with Ana Patricia Sosa at Doctor's Hospital (Laredo), however, medical staff reported that Ms. Sosa was no longer at the hospital and had been discharged earlier that morning.

On the aforementioned date, the Department made contact with Ms. Lira whom stated that she is familiar with the mother and reported that she care for the child right after the child was delivered. She stated that Ms. Sosa had just had a "hit" when she arrived at the hospital and "you can tell". When asked what she meant by "hit", Ms. Lira stated that Ms. Ana Sosa consumed heroin. She stated that Ms. Ana Sosa was apparently under the influence. Ms. Lira stated she is aware that Ms. Ana Sosa has had other children removed due to Ms. Ana Sosa's drug use. Ms. Lira was concerned that Ms. Ana Sosa consumed heroin during her pregnancy and right before going to the hospital to deliver.

On the aforementioned date, the Department made contact with Ms. Peche (Nurse at Doctor's Hospital) who stated that she is the nurse for baby Dayla Alvarado. She stated that baby Dayla Alvarado appears to be doing well. She stated that the child is currently scoring at a 5-6 on the abstinence scale. She stated that the higher the score the more concern there is with the child. Ms. Peche stated that the score needs to be lower prior to being released from the hospital. Ms. Peche stated that child is going through withdrawals at the time. She reported that Dayla Alvarado tested positive for heroin and barbiturates. Ms. Peche was advised that Dayla Alvarado cannot be left unsupervised with her mother, Ana Patricia Sosa.

Permanency Plan and Progress Report to the Court
**CAUSE NO. 2014-CVL-000326-D4**

On February 18, 2014, the investigator made contact with medical staff at the NICU (Nurse Lily) who reported that newborn Dayla Alvarado had been moved over to the NICU. Nurse Lily stated that child was suffering from withdrawal symptoms and was scoring high on the abstinence scale. Nurse Lily reported that as a result, the doctor ordered the child to be placed in the NICU and reported that child is now on Methadone as a result of withdrawal symptoms.

On the aforementioned date, the Department made contact with Ms. Ana Patricia Sosa at her address located at 1602 Marcella Street in Laredo, Texas. Ms. Ana Patricia Sosa reported that she has been using heroin for about "5 years off and on". Ms. Ana Patricia Sosa stated that she has been "using through pregnancy;" however, did not constantly until she was 5 months pregnant. Ms. Ana Patricia Sosa acknowledged that she was aware that she was pregnant and stated that she was aware that there could be serious effects to her unborn child as a result of her drug abuse. Ms. Ana Patricia Sosa reported that the last time she used heroin was 2 days ago. Ms. Ana Patricia Sosa disclosed that she consumes heroin, along with cocaine, twice a day. Ms. Ana Patricia Sosa stated that she uses both drugs combined. Ms. Ana Patricia Sosa reported that she has attempted to seek services; however, she continues to relapse. She stated that she is currently on probation for burning down a building two years ago. Ms. Sosa reported that she was also in rehab, at one point, in Edinburg; however, she relapsed when she got out.

Subsequently, the Department filed for the removal of the children and petitioned the 406th District Court for Temporary Managing Conservatorship under Cause Number 2014-CVL-000326-D4. The Department was appointed Temporary Managing Conservatorship on February 21, 2014.

B. History of Involvement with DFPS and Other Child Welfare Agencies

| Date | Allegation | Victim Child | Designated Perpetrator | Disposition |
|------|-----------|--------------|------------------------|-------------|
| 02/17/2014 | Physical Abuse | Dáyla Alvarado | Ana P. Sosa | Reason To Believe |
| 02/17/2014 | Neglectful Supervision | Dayla Alvarado | Ana P. Sosa | Ruled Out |
| 03/04/2011 | Neglectful Supervision | Alejandro Brizuela | Ana P. Sosa | Reason to Believe |

| 03/04/2011 | Physical Abuse | Alejandro Brizuela | Ana P. Sosa | Reason to Believe |
|---|---|---|---|---|
| 08/12/2010 | Medical Neglect | Samuel Martinez | Ana P. Sosa | Unable to Determine |
| 08/12/2010 | Neglectful Supervision | Samuel Martinez | Ana P. Sosa | Reason to Believe |

## VII. SUMMARY OF CASE SINCE LAST COURT REVIEW

### A. Well-Being of the Child

| Child | Sex | Date of Birth | Race/Ethnicity as identified by parent and/or child |
|---|---|---|---|
| Dayla Alvarado | Female | February 16, 2014 | Hispanic |

1. Description of Child

Dayla is a Hispanic girl that has grown up in the Hispanic culture. Dayla is eleven months old, and not old enough to voice her cultural preference. Dayla is unable implicitly or explicitly expressed a desire to assimilate with the Mexican/American culture.

As Dayla ages she will be exposed to food, practices, and religious practices related to her cultural background. Furthermore, Dayla will be provided with a Lifebook, which is a scrapbook displaying her fondest memories while in care.

Dayla is eleven months old; however she appears to show typical behaviors of a child her age should display. The Department and her caregiver will continue to allow for Dayla to develop interest as she ages.

Dayla is too young to participate in recreational activities; however, she will be exposed to everyday life adventures of learning, which are associated with the development of infants/toddlers. As Dayla ages, her recreational activities will change as well.

The Department and the caregiver will ensure and encourage that all of Dayla's recreation, community interaction and religious needs are met.

At this time, it appears that Dayla has adapted very well to her placement. No concerns noted regarding this child's behavior. All of her needs are being provided in a safe and structured environment. Dayla's placement will provide her with love, care, nurturance, age appropriate discipline, guidance, redirection, and attention a child her age requires to develop appropriately.

2. Medical, Dental and Psychological Information

    a.    Medical
Date of last physical: **November 17, 2014 with Dr. Berlioz**
Child's Weight:
Height:
Date of last vision exam: Not performed
Current Medical concerns/recommendations: No concerns noted.

i. All medical and behavioral health treatment that the children are receiving and the progress with the treatment.

Dayla is not taking medication at this time.

ii. The nature of any emergency medical care provided to the child and the circumstances necessitating emergency medical care, including any injury or acute illness suffered by the child.

Dayla has not required any emergency care.

iii. Any medication prescribed for the child and the condition, diagnosis and symptoms for which the medication was prescribed and the child's progress with the medication.

Dayla is not taking medication at this time.

iv. Any activity the child should avoid or should engage in that might affect the effectiveness of the treatment, including physical activities, other medications, and diet.

At this time, Dayla appears to be healthy and able to participate in all age related physical activities.

v. Any views the child has expressed regarding his or her medical care.

Permanency Plan and Progress Report to the Court
**CAUSE NO. 2014-CVL-000326-D4**

Dayla is too young to express her concerns.

vi. Any other medical information requested by the Court for the child.

The individuals designated by DFPS to consent to medical care, or the individual authorized by the court to consent to medical care:

The children's Medical Consenters:

**Lorena Ramirez (foster parent) – Primary**
**Manuel Ramirez (foster parent) - Secondary**
**Joe Lucio (CPS) - Backup**

b. Dental
   Child: Dayla Alvarado
   Date of last dental: **December 13, 2014 at Imagine Dental**
   Current Dental concerns/recommendations: None

c. Psychological

   Therapy
   *Name of Therapist*          *Therapy Type*          *Dates/Frequency*
   **Dayla is too young to participate in a psychological evaluation or counseling services.**

3. Placement

| Date of Placement | Service Level | Type of Placement | Reason Moved |
|---|---|---|---|
| March 31, 2014 | Basic | Foster Home | Current Placement |
| February 16, 2014 | Basic | Hospital | Discharged |

The current placement for Dayla continues to be safe and appropriate because all her social, emotional, medical, educational, developmental, and psychological needs continue being provided. Dayla is in the least restrictive home environment available at this time. The current placement provides Dayla with all her overall needs. This setting provides structure, a family environment, and guidance to meet her basic needs.

4. Education

| Date of Enrollment | Name of School | Grade Level | School Performance |
|---|---|---|---|
| April 7, 2014 | My Lil' Big School 2 | Daycare | No concerns noted. |

Permanency Plan and Progress Report to the Court
CAUSE NO. 2014-CVL-000326-D4

At this time, Dayla is not enrolled in school due to her young age; however, she will be provided with an educational environment at her placement. Her caregiver will ensure the setting/placement is an environment conducive to learning and enhancing the development. Dayla is currently attending My Lil' Big School 2 in Laredo, Texas. This will enhance her social, play, and learning development.

The Department and the placement will continue to ensure that this child's educational needs are met in a timely and appropriate manner.

a. Significant Discipline Action

Methods of discipline may include: establishing routines, setting reasonable limits, modeling appropriate behavior, offering choices, giving explanations, repeating instructions, taking "time-out", enforcing or permitting logical or natural consequences, and reinforcing desired behavior. Physical punishment is not permitted.

b. Supportive Educational Services and Special Education

Dayla was referred for Early Childhood Intervention services; however she did not meet criteria; no further actions needed on behalf of the Department. The Department and caregiver will continue to monitor Dayla's developmental needs and will ensure that all her needs are met in a timely and appropriate manner.

c. Other identified school issues

No other issues identified at this time.

5. Permanency Plan

The Primary Permanency Goal is **Alternative Family: Relative/Kinship Adoption.**

The Department feels it is in the best interest of this child to be adopted by family members willing and able to provide Dayla with all her basic needs, love, and a family-like environment. Paternal grandmother, Irene Alvarado, has expressed interest in caring and adopting Dayla. Biological mother, Ana Patricia Sosa, used a controlled substance in a manner that endangered the health or safety of this child. Furthermore, Ms. Sosa is the cause of the child being born addicted to a controlled substance other than a controlled substance legally obtained by prescription. After attempting to complete a court-ordered substance abuse treatment program, continued to abuse a controlled substance. Alleged biological father, Eloy Alvarado, knowingly engaged in criminal conduct that has resulted in the father's conviction of an offense; and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition. Therefore, the Department feels that this child will be in a safer environment with family members that can provide adequate

Permanency Plan and Progress Report to the Court
**CAUSE NO. 2014-CVL-000326-D4**

care and supervision at all times. Dayla's biological mother, Ana Patricia Sosa, and her alleged father, Eloy Alvarado are currently incarcerated at Webb County Jail. The Department has submitted a Request for Diligent Search (DFPS FINDRS Team) to locate possible suitable relatives with whom Dayla may be temporarily or permanently placed during the life of this case. This family member must be able and willing to meet Dayla's physical, medical, emotional, social, educational, and safety needs.

The Concurrent Permanency Goal is **Unrelated Adoption.**

However, if Relative/Kinship Adoption cannot be achieved, the Department will then revisit the Permanency goal and consider Alternative Family; Unrelated Adoption. Foster caregivers, Mr. and Mrs. Ramirez, have shown an interest in caring and adopting Dayla. Mr. and Mrs. Ramirez are aware that Texas Department of Family and Protective Services' policy requires that sufficient efforts are made to locate family members willing and able to care for this child with no Child Protective Services or criminal history.

6. Transitional Living Services

Dayla is too young for Transitional Living Services.

## B. Parental Progress

On April 22, 2014, Ms. Ana Patricia Sosa signed the Family Service Plan. The tasks and services detailed in the family service plan advised Ms. Ana P. Sosa to cooperate with the Department and maintain contact with her CPS caseworker. Furthermore, Ms. Ana P. Sosa will provide names of suitable relatives as potential placements. Potential relatives must have an appropriate home and no Child Protective Services or criminal history.

A Family Plan of Service was created for Mr. Eloy Alvarado (alleged biological father) advising him to contact the caseworker upon his release if he chooses to complete services/tasks. Mr. Eloy Alvarado signed the Family Plan of Service on May 15, 2014. The Department will continue to work jointly with Mr. Eloy Alvarado in order that the tasks on the Family Plan of Service may be completed.

| Biological Mother: | **Ana Patricia Sosa** |
|---|---|
| Family Group Conference: | **April 3, 2014** |
| Family Service Plan Signed: | **April 22, 2014** |
| Revised Family Service Plan: | **October 6, 2014** |
| | |
| Alleged Father: | **Eloy Alvarado** |
| Family Plan of Service Signed: | **May 14, 2014** |

Permanency Plan and Progress Report to the Court
**CAUSE NO. 2014-CVL-000326-D4**

INDIVIDUAL COUNSELING:
Ms. Ana Patricia Sosa was referred for counseling services with Mrs. Lisa Cervantes, LPC, at Cervantes Counseling Services.

FAMILY COUNSELING:
Family counseling will be initiated once recommended by the counselor.

SUBSTANCE ABUSE ASSESSMENT AND COUNSELING:
On October 6, 2014, Ms. Ana Patricia Sosa presented a certificate of commencement in which she successfully completed an intensive drug and alcohol Therapeutic Community at The Ellen Halbert Correctional Facility. However on December 10, 2014, Ms. Sosa tested positive for cocaine; therefore the Department submitted a referral for Mujeres Sanas Program at Serving Children and Adults in Need (S.C.A.N).

PSYCHOLOGICAL/PSYCHOSOCIAL EVALUATION:
Ms. Ana Patricia Sosa is not required to undergo a psychological evaluation at this time.

DRUG TESTING:
The following reflects Ms. Ana Patricia Sosa's drug test results:

**December 10, 2014** - Positive (Cocaine/41ng/ml)

PARENTING SKILLS:
On September 24, 2014, Ms. Ana Patricia Sosa presented a certificate of participation and completion in eight sessions of parenting practices at The Ellen Halbert Correctional Facility.

PARENT SUPPORT GROUPS:
Ms. Ana Patricia Sosa is required to attend two collaboration group meetings. Ms. Sosa has not attended a group meeting.

HOUSING:
Ms. Ana Patricia Sosa currently resides with the child's maternal grandmother. Ms. Sosa does not have a home of her own at this time

EMPLOYMENT:
Ms. Ana Patricia Sosa is currently employed by La Mexicana Restaurant. Ms. Sosa has not provided proof of employment.

CHILD SUPPORT:
Ms. Ana Patricia Sosa has not provided any form of child support to this child.

ABSTAIN FROM CRIMINAL ACTIVITY:

A criminal background check was completed on December 29, 2014. Ms. Ana Sosa has refrained from criminal activity throughout the life of this case. Ms. Sosa was incarcerated from May 2014 thru early November 2014. Ms. Sosa does have an extensive criminal record. The Department will continue to conduct criminal background checks on a random basis.

NOTIFICATION OF RELATIVES:
Ms. Ana Patricia Sosa has provided the Department with names of suitable relatives willing and able to care for the children; however family members have declined at this time due to financial hardship and chronic illnesses and/or the Department did not approved placement.

FAMILY VISITATIONS:
Ms. Ana Patricia Sosa recently initiated weekly supervised parent-child visitations for one hour. Below reflects Ms. Sosa's attendance.

December 02, 2014 - Absent
December 09, 2014 - Absent
December 16, 2014 - Attended
December 27, 2014 - Attended

MAINTAIN CONTACT WITH THE DEPARTMENT:
Ms. Ana Patricia Sosa has maintained adequate contact with the Department and its providers. At this time, the Department is not concerned about her ability to maintain contact with the Department.

Mr. Eloy Alvarado has not made contact with the Department as he is currently incarcerated at Webb County Jail in Laredo, Texas.


VIII.  RECOMMENDATIONS:

Based on the information gathered to date and the Department's assessment of the family, it is respectfully recommended to the Court that:

1. The Texas Department of Family and Protective Services continue as Temporary Managing Conservatorship of the subject child;

2. That the child's placement be continued and approved;

3. That the Family Plan of Service continues to be made an order of the court.


Permanency Plan and Progress Report to the Court
**CAUSE NO. 2014-CVL-000326-D4**

Respectfully submitted,

JOE LUCIO
Child Protective Services Specialist II
Date: 12/31/2014

Approved by:

CHRISTIAN BENAVIDES
Child Protective Services Supervisor
Date: 12/31/14

# TAB H







TAB I



